1   Attorney for Petitioner: Pro Se

**DOCKETED**

2          IN THE FEDERAL DISTRICT COURT   FEB 0 5 2002

           NORTHERN DISTRICT OF ILLINOIS

3               CHICAGO, ILLINOIS

4

5   _Hoang Nguyen PH._ )

6   _A 42-368-960_  **020** ) **0843**

7   Petitioner           **JUDGE ALESIA**

8                   )      PETITION FOR WRIT

    v.                      OF HABEAS CORPUS

9            MAGISTRATE JUDGE MASON

10   John Ashcroft, Attorney      )

    General of the United States,    )     C.A.

11   Brian Perryman, District       )

    Director, Immigration and     )   **RECEIVED**

12   Naturalization Service,       )

13   Respondents            )    FEB 0 4 2002

14                            MICHAEL W. DOBBINS

                        CLERK, U.S. DISTRICT COURT

15   COMES NOW Petitioner and requests that this Court issue a writ of habeas corpus to t

16   Respondents showing why the continued detention of the Petitioner is not unlawful.

17

18   1.     The Petitioner is subject to a final order of removal / exclusion from the United

19        Petitioner has been found to be a non-citizen of the United States, and to be exc

20        inadmissible from the United States.

21

22                       JURISDICTION

23

24   2.     This Court has jurisdiction pursuant to 28 U.S.C. §2241, the general grant of ha

25        authority to the District Courts.

26

27

28                        1

1

THE PARTIES

2

3   3.     The Petitioner is a non-citizen who has been found by the Attorney General not to be

4         native and citizen of the United States, and to be amenable to removal / exclusion from

5         the United States.

6

7   4.     John Ashcroft is the Attorney General of the United States.  Under his authority, the

8         Respondent continues to be detained by the Immigration and Naturalization Service.

9

10   5.     Brian Perryman is the District Director for the Immigration and Naturalization Service

11       He is the legal custodian of the Petitioner.

12

13

VENUE AND INTRADISTRICT ASSIGNMENT

14

15   6.     Petitioner is filing this Petition in the district in which the continuing decision is being

16         made to detain the Petitioner, and in which district Petitioner's custodian, Brian

17         Perryman, Chicago District Director of the Immigration and Naturalization Service,

18         resides and has his place of business.

19

20

GENERAL ALLEGATIONS

21

22   7.     The Petitioner is in the custody of the Respondents.

23

24   8.     The Petitioner has been in the custody of the Respondents for in excess of 6 months sin

25         the entry of the order finding Petitioner excludable / inadmissible to the United States.[1]

26

27   1 The terms "excludable" and "inadmissible" refer to the grounds of removability at 8 U.S.C. §1182.  Individuals
placed into proceedings prior to April 1, 1997, would have been ordered "excluded," while individuals put into

28

9.  There is no reasonable likelihood that the Petitioner can be physically removed fro[m]
United States in the foreseeable future. The United States is currently unable to de[tain]
exclude, or remove individuals such as the Petitioner to his country of origin.

**EXHAUSTION**

10. Petitioner has exhausted his administrative remedies. Basically, there are no form[al]
remedies available. Petitioner has made numerous attempts, formal and informal,
secure release. These have been unsuccessful.

11. The decision of the Attorney General to detain the Petitioner is subject to no
administrative review; thus, none can reasonably be sought.

12. It would be unreasonable to require the Petitioner to undertake any additional step[s]
to judicial review, given that the Attorney General's procedures have been found t[o be]
infirm by the Supreme Court, and are part of the issue complained of herein.

**RIGHT TO JUDICIAL INTERVENTION**

13. The Petitioner reallages and incorporates by reference each and every allegation o[f]
paragraphs 1-12 above.

14. By this Petition and Complaint, Petitioner alleges grave constitutional errors, and [errors]
in statutory construction. Petitioner's continued detention by the Attorney Genera[l]

proceedings after that date would have been found "inadmissible" and ordered "removed." It is a purely se[mantic]
distinction.

3

1    unauthorized by statute, and is violative of his constitutional rights.

2

3    15.    Pursuant to Local Rule 81.4, Petitioner would state that the act complained of is the

4           continued detention of the Petitioner past a six month period which the Supreme Court

5           has considered presumptively reasonable to attempt to effectuate an order of deportation

6           removal. Zadvydas v. Davis, et al, ___ U.S. ·___, No. 99—7791, Slip Op. at 21 (June 2

7           2001).

8

9    16.    Petitioner has a right to judicial intervention, and this Court has jurisdiction over this

10          Petition and Complaint, pursuant to 28 U.S.C. §2241, the general grant of habeas

11          jurisdiction. Petitioner is also guaranteed to habeas review as a matter of constitutional

12          right. The availability of the Writ of Habeas Corpus is guaranteed by the Constitution,

13          and may not be suspended except where "in cases of Rebellion or Invasion the Public

14          Safety may require it." U.S. Constitution, Art. 1, §9, Cl. 2 (Suspension Clause).

15

16                                          COUNT ONE

17                                (Detention not Authorized by Statute)

18

19   17.    The Petitioner realleges and incorporates by reference each and every allegation

20          contained in paragraphs 1-16 above.

21

22   18.    The Petitioner is being detained by the Attorney General, when it is no longer reasonab

23          likely that the Respondents will be able to deport the Petitioner in the foreseeable futur

24

25   19.    The Supreme Court has found that detention is reasonable and authorized by statute onl

26          to the extent necessary to effectuate an order of deportation / exclusion. Zadvydas v.

27          Davis, et al, ___ U.S. ___, No. 99—7791 (June 28, 2001) (interpreting the statute so as

28

                                                4

1  avoid constitutional infirmity).

2

3  20.  There is no reasonable likelihood that the Respondents can effectuate exclusion / remov

4      in this case in the foreseeable future.

5

6  21.  Although the <u>Zadvydas</u> decision related to an individual subject to deportation, who ha

7      made a legal entry into the United States, the specific holding of the Court was based o

8      reading of the statute, 8 U.S.C. §1231(a)(6), which reads as follows:

9

10         An alien ordered removed who is inadmissible under section 1182 of this

11         title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of

           this title, or who has been determined by the Attorney General to be a risk

12         to the community or unlikely to comply with this order of removal, may

           be detained beyond the removal period and, if released, shall be subject to

13         the terms of supervision in paragraph (3).

14

15      8 U.S.C. §1231(a)(6) (1994 ed., Supp. V).

16

17  22.  The Court interpreted this statute to include an "implicit limitation," which limits an

18      alien's post-removal period detention to "a period reasonably necessary to bring about

19      that alien's removal from the United States." <u>Zadvydas v. Davis</u>, 533 U.S. ___, Slip O

20      At 9 (June 28, 2001).

21

22  23.  Although the Supreme Court reached this interpretation of §1231(a)(6) in cases involv

23      individuals who have effected a legal entry into the United States, the holding of the ca

24      was that the statute itself did not authorize detention of individuals past a certain point.

25      is the same statute which authorizes the detention of aliens after the expiration of the

26      removal period, whether those individuals are inadmissible, removable, deportable, or

27      excludable.

28

1

2  24. Further, the reasoning of the Court supports such an interpretation. The Court emp

3      the doctrine of "constitutional doubt" to avoid potential constitutional infirmity. As

4      individuals who have entered the United States, the indefinite detention of individu

5      who have not effectuated an entry is a constitutionally troubling proposition. At lea

6      circuits have found that indefinite detention of individuals who were ordered "exclu

7      violates the Due Process Clause of the Fifth Amendment. <u>Rosales-Garcia v. Holla</u>

8      238 F.3d 704, 725 (6th Cir. 2001); <u>Rodriguez-Fernandez v. Wilkinson</u>, 654 F.2d 138

9      (10th Cir. 1981).

10

11  25. Thus, the continued detention of the Respondent no longer falls within the grant of

12      authority to the Attorney General that permits the Attorney General to continue to I

13      the Petitioner in detention.

14

15  26. Since the continued detention of the Petitioner is not authorized by statute, he is no

16      being held unlawfully by the Respondents.

17

18  27. As one being held by the Attorney General without lawful authority, Petitioner see

19      recourse via a writ of habeas corpus, ordering the Respondents to produce some re

20      for his continued detention.

21

22                          COUNT TWO

23              (Statute Facially Violates Due Process Clause)

24

25  28. The Petitioner realleges and incorporates by reference each and every allegation

26      contained in paragraphs 1-16 above.

27

28
                                    6

29. The continued detention of the Petitioner, when there is no foreseeable likelihood that Petitioner can be removed / deported from the United States, also constitutes a violation of Petitioner's rights under the Due Process clause of the Fifth Amendment, absent statutory or regulatory safeguards.

30. Petitioner has a fundamental liberty interest in not being detained for an indeterminate length of time by the Attorney General. Zadvydas v. Davis, 533 U.S. ___, Slip Op. at (June 28, 2001).

31. Deprivation of a fundamental liberty interest could only justified if narrowly tailored serve a compelling governmental interest. Flores v. Reno, 507 U.S. 292, 302 (1993).

32. The Court in Zadvydas found that the government interests at stake here were not compelling. The Court considered two interests asserted by the government: ensuring alien's appearance at future proceedings, and preventing danger to the community. T first interest was held to be "weak or nonexistent" when an individual cannot be depo in the foreseeable future. Zadvydas, supra, Slip Op. at 10. The second interest, preventative detention, could only be upheld where "limited to specially dangerous individuals and subject to strong procedural protections." Id. This, held the Zadvyda Court, is clearly not the case with this statute. Id., Slip Op. at 10-11.

33. Further, this statute is not narrowly tailored to protect any interest which the Respond might assert. The statute provides only vague protections, and those protections are in the hands of the very same Respondents who are detaining the Petitioner in the first pl

34. There exist no reasonable administrative or judicial safeguards governing the continu detention of the Petitioner. The continued detention of the Petitioner is considered by

1    Respondents to be at their sole discretion. It would violate Due Process to permit the

2    Attorney General to exercise such unbridled power to indefinitely detain human being

3

4    35.    Thus, the statute is facially violative of the Constitution, insofar as it permits the

5           indefinite detention of individuals when deportation / exclusion cannot be effected.

6

7    36.    The statute is facially violative of the Constitution insofar as it permits the indefinite

8           detention of individuals in the absence of adequate procedural safeguards.

9

10                              COUNT THREE

11                    (Statute Violates Due Process as Applied)

12

13   37.    The Petitioner realleges and incorporates by reference each and every allegation

14          contained in paragraphs 1-16 above, and the legal arguments in paragraphs 29-36.

15

16   38.    Alternately, Petitioner would argue that even if the statute is not unconstitutional on i

17          face, that it is being unconstitutionally applied in this case. As applied, 8 U.S.C.

18          §1231(a)(6) violates the Fifth Amendment Due Process Clause, both procedurally an

19          substantively.

20

21   39.    In terms of substantive Due Process, the Respondents' continued detention is not

22          narrowly tailored to serve a compelling governmental interest in this case.

23

24   40.    There is, for example, no showing that this Petitioner is a terrorist or spy, or that othe

25          such extraordinary conditions exist, such that Petitioner should continue to be detaine

26          longer than reasonably necessary to secure deportation or removal. <u>Zadvydas v. Dav</u>

27          <u>al</u>, ___ U.S. ___, No. 99--7791, Slip Op. at 15 (June 28, 2001).

28                                              8

41. Given the fundamental liberty interest at stake in the Attorney General's decision to detain the Petitioner, the procedures employed here do not comply with Due Process.

42. The procedures employed here permit the Attorney General to exercise unbridled power over the detention decision, without any independent review by an impartial adjudicator.

43. The procedures employed by the Respondents contain no protections to ensure timely review of a case, or to ensure that findings are timely communicated to the Petitioner. The six month rule, even when followed, is insufficient protection in the context of a potential lifetime sentence of detention.

44. The procedures employed by the Respondents do not adequately protect the right of the Petitioner to be represented, in that the Respondent habitually and continually fail to advise counsel of upcoming hearings, and conduct hearings in remote and desolate locations.

45. The procedures employed by the Respondents do not provide adequate advance notice to the Petitioner of the time and place of the hearing.

46. The procedures employed by the Respondents do not permit the Petitioner to cross-examine witnesses or to review the evidence used against him in deciding whether to continue detention.

47. The procedural protections, considered in sum total, are inadequate, given the nature of the interest at stake and the potentially permanent detention of the Petitioner.

1                              COUNT FOUR

2                           (Declaratory Relief)

3

4     48.    Petitioner realleges and incorporates by reference each and every allegation contained

5            paragraphs 1-16 above.

6

7     49.    An actual and substantial controversy having arisen between the parties, and that

8            controversy continuing to exist regarding their respective rights and duties, including

9            without limitation the finding that the Petitioner remains subject to the Attorney

10           General's power to detain non-citizens and the propriety of that continued detention.

11

12    50.    Declaratory relief is necessary in that, as noted herein, Petitioner contends, and

13           Respondents deny, that the Respondents are improperly continuing to detain the

14           Petitioner beyond the grant of statutory authority and in violation of the Constitution.

15

16                                PRAYER

17

18    WHEREFORE, Petitioner respectfully asks the Court to:

19

20    1.     Assume jurisdiction over this matter;

21    2.     Issue a Writ of Habeas Corpus requiring the Respondents to show why Petitioner's

22           detention is not unlawful;

23    3.     Declare that the continued detention of the Petitioner is beyond the authority granted

24           the Attorney General by statute;

25    4.     Declare that indefinite detention of the Petitioner is facially violative of the Due Proc

26           Clause of the Fifth Amendment;

27    5.     Declare that the statute authorizing the indefinite detention of the Petitioner is

28                                        10

1   unconstitutional as applied;

2   6.   Enjoin the Respondents from continuing to detain the Petitioner;

3   7.   Order the immediate release of the Petitioner from custody, under appropriate and

4        reasonable conditions of parole; and

5   8.   Grant such other relief as the Court deems necessary and proper.

6

7

8   Respectfully Submitted:
    Hoang Nguyen PHi
9   c/o, TRi County Detention Center.
10  1026 SHawnee college RoaD
11  ULLin IL, 62992.                          1-25-02
    Address:                                  Date

12

13  I, the Petitioner, hereby depose and say, under penalty of perjury, that the above statements are
14  true and correct to the best of my knowledge. Any documents attached to this Petition are true
    and accurate copies of the original documents, to the best of my knowledge and belief.

15

16

17

18                                            1-25-02
19                                            Date

20

21
    OFFICIAL SEAL
22  ALICE SHEIBLE
    Notary Public, State of Illinois
23  My Commission Expires 02-27-2005

24

25  January 25, 2002

26

27

28                                    11